Jasen, J. (concurring).
I concur for affirmance of the Appellate Division order. Defendant was arrested on a charge of attempted murder and held in jail for 19 months awaiting trial. After trial, he was found guilty of assault in the first degree and possession of a weapon. People v Johnson (38 NY2d 271) is on point. In the Johnson case, defendant was held in jail on a murder charge for a period of 18 months. Even though the defendant was charged with a heinous crime, "a brutal murder with a knife”, and his claim of lost witnesses was never substantiated in any way, the court concluded, over my dissent, that defendant’s right to a speedy trial had been violated. (See 38 NY2d, at pp 282-283 [dissenting opn].) In many ways, this case is stronger than Johnson. The charge against this defendant is less serious and this defendant was held for one month longer than the defendant in Johnson. That this defendant does not claim that the delay cost him witnesses is of little moment since defendant Johnson’s claim was totally barren. I see no dispositive distinction between a claim that was totally barren of evidentiary substance and a claim that was never made at all.
While I disagreed with the court’s disposition of the Johnson case, I normally would be obligated to fully apply the binding decision of a majority of our court. Here, however, we have a unique circumstance. The members of the Johnson majority see fit to distinguish Johnson from the present case and conclude that Johnson does not mandate reversal of the Appellate Division order. Although I am not convinced by the distinctions made, I conclude that, since the members of the Johnson majority construe their holding in that case as not *973 being dispositive here, I, likewise, am not required to view Johnson as dispositive. Under these circumstances, free of the constraint of Johnson, I vote for affirmance on the strength of the views I articulated in my dissent in Johnson.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum; Judge Jasen concurs in a separate opinion.
Order affirmed.